FILED
SUPERIOR COURT
OF GUAM

2021 FEB -2 PM 5: 06

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,**<br><br>vs.<br><br>**ATANACIO RODRIGO S. CEPEDA,**<br>*aka* Atanacio Sablan Cepeda,<br>*aka* "Nacio",<br>DOB: 10/14/1994<br><br><div align="center">Defendant.</div> | **CRIMINAL CASE NO. CM0284-20**<br>GPD Report No. 20-17733<br><br><br><br>**FINDINGS RE COMPETENCY AND DECISION AND ORDER**<br>(Defendant's Motion to Transfer to Mental Health Court) |

This matter came before the Honorable Dana A. Gutierrez on December 30, 2020 and January 4, 2021 for a Competency Hearing. Present via Zoom were Defendant Atanacio Rodrigo S. Cepeda ("Defendant"); Attorney Kathleen Aguon of the Public Defender Service Corporation representing Defendant; and Assistant Attorney General Richelle Canto representing the People of Guam (the "People"). The Court now issues this Decision and Order **DENYING** Defendant's Motion to Transfer to Mental Health Court.

### BACKGROUND

At Defendant's Magistrate's Hearing, Defendant was committed to Guam Behavioral Health and Wellness Center ("GBHWC").[1] Commitment Order (July 15, 2020). At his Arraignment Hearing, Defendant pled not guilty by reason of mental illness. Min. Entry (July 29, 2020). Accordingly, the Court issued an Order for Forensic Evaluation that same day. On

---

[1] On January 14, 2021, the Court released Defendant from his confinement at GBHWC subject to conditions including, but not limited to, house arrest. Order of Conditional Release (Jan. 14, 2021).

October 22, 2020, Dr. Juan M. Rapadas ("Dr. Rapadas") filed his Forensic Evaluation of Defendant with the Court.

At a Status Hearing on December 3, 2020, Defendant orally motioned the Court to hold a Competency Hearing and requested that the Court subsequently transfer Defendant's case to Mental Health Court. Min. Entry, at 9:40:22 AM (Dec. 3, 2020). The People agreed that the Court should hold a Competency Hearing but objected to Defendant's case being transferred to Mental Health Court based on the findings in Dr. Rapadas' Forensic Evaluation. *Id.* at 9:40:44 AM.

At the December 30, 2020 Competency Hearing, the Court heard the testimony of Dr. Rapadas. At the January 4, 2021 Continued Competency Hearing, the Court heard the testimony of Dr. Ariel Ismael ("Dr. Ismael") as an expert in psychiatry who has treated Defendant at Guam Behavioral Health and Wellness Center. Min. Entry, at 9:47:56 (Jan. 4, 2021). After the parties presented their evidence, the Court took the matter under advisement.

## FINDINGS REGARDING DEFENDANT'S COMPETENCY

Pursuant to Supreme Court of Guam Administrative Rule 16-002, "[a]ll cases in which the defendant has been deemed unable to be proceeded against due to their mental state as determined by the assigned judge pursuant to Title 9 GCA § 7.22 or § 7.37 shall be reassigned to Mental Health Court for all subsequent proceedings." Under Title 9 GCA § 7.22(a), "[m]ental illness, disease or defect, precluding responsibility, is an affirmative defense which the defendant must prove by a preponderance of the evidence." The "mental illness" affirmative defense under 9 GCA § 7.22 can be based on either: 1) a finding that Defendant is currently incompetent to be proceeded against, or 2) a finding that Defendant lacked substantial capacity to understand or control his actions at the time of the alleged crime. *See* 9 GCA §§ 7.16 and 7.37.

2

## I.  Defendant Is Currently Competent to Be Proceeded Against in This Case.

"A defendant is incompetent to be proceeded agaisnt in a criminal action if, as a result of mental illness, disease or defect, he is unable 1) to understand the nature of the proceedings, 2) to assist and cooperate with counsel, 3) to follow the evidence, or 4) to participate in his defense." 9 GCA § 7.37. In Defendant's Forensic Evaluation, Dr. Rapadas states: "Mr. Cepeda is currently competent to be proceeded against based on the forensic clinical interview, observations of Mr. Cepeda, and current mental status which could be characterized as stable at this time." Forensic Eval., at 6 (Oct. 22, 2020). Additionally, Dr. Rapadas noted that Defendant "still knew the judicial process from beginning to end." *Id.*

At the December 30, 2020 hearing, Dr. Rapadas confirmed this finding and added that he has conducted multiple forensic evaluations of Defendant but has never found him to be incompetent.  Min. Entry, at 10:59:00 AM (Dec. 30, 2020).  Although Dr. Ismael testified generally about mental diseases and the medications prescribed to Defendant, Dr. Ismael did not have personal knowledge to testify specifically about Defendant's mental state or legal competency.  Min. Entry, at 9:47:36 AM (Jan. 4, 2021).  Accordingly, the Court will not consider Dr. Ismael's testimony when making a finding as to this issue.

Thus, in light of Dr. Rapadas' findings in the Forensic Evaluation, his testimony at the Competency Hearing, and the Court's own observations of Defendant at his hearings, the Court finds that Defendant is currently competent to be proceeded against in this case.

## II.  Defendant Did Not Lack Substantial Capacity to Understand or Control His Actions at the Time of the Alleged Crime.

"A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental illness, disease or defect, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his

3

actions." 9 GCA § 7.16. In Dr. Rapadas' Forensic Evaluation, he states that it is his opinion "that Mr. Cepeda did not fully lack substantial capacity and he seemed to have some level of capacity to control his behavior, to understand what he was doing, and to know that his conduct was wrongful[.]" Forensic Eval., at 7 (Oct. 22, 2020).

Although the Forensic Evaluation indicates that Defendant did have "some limited and diminishment of his capacity to control his behavior and to fully understand what he is doing," at the Competency Hearing, Dr. Rapadas confirmed his finding that he does not believe Defendant lacked substantial capacity. Forensic Eval., at 7 (Oct. 22, 2020); Min. Entry, at 11:10:38 AM (Dec. 30, 2020).

In light of the Forensic Evaluation, the testimony presented, and the Court's own observations of Defendant at his hearings, the Court finds that Defendant did not lack substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions at the time of the alleged crime. *See* 9 GCA § 7.16. Therefore, based on a review of the evidence, the Court deems it able to proceed against Defendant and finds that a transfer to Mental Health Court would be inappropriate in this case.

## CONCLUSION

Accordingly, the Court hereby **DENIES** Defendant's Motion to Transfer to Mental Health Court.

A Further Proceedings hearing shall be held on **February 26, 2021 at 9:45 a.m.**

**SO ORDERED** this 2nd day of February, 2021.

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, PDSC

Date: 2/2/21 Time: 5:31 pm

Antonio A Cruz
Deputy Clerk, Superior Court of Guam

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**

4